UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETHAN SPRAGUE,<br><br>                    Plaintiff,<br><br>              -v.-<br><br>OFFICE OF THE CHIEF MEDICAL EXAMINER, DAVID T. SPRAGUE, and NORTHERN LIGHTS MERCY,<br><br>                    Defendants. | 25 Civ. 5671 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who is proceeding *pro se*, brings this action asserting claims for the wrongful death of his mother.  Plaintiff circled the False Claims Act selection on the civil cover sheet of this case, but the Complaint does not assert any claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729, as addressed below.  Plaintiff also wrote in: "Concealment & Fraud (??)" on the civil cover sheet.  The Complaint was filed under seal, as outlined in the FCA.[1]  *See* 31 U.S.C § 3730(b)(2) (a proper claim under the FCA is filed under seal and immediately served on the Government, along with all supporting evidence).

The FCA imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval.  31

---

[1] The purpose of this requirement "is to allow the government time to investigate the alleged false claim and to prevent *qui tam* plaintiffs from alerting a putative defendant to possible investigations." *United States ex rel. Grupp* v. *DHL Express (USA), Inc.*, 742 F.3d 51, 54 (2d Cir. 2014) (citing *United States ex rel. Pilon* v. *Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995)).

U.S.C. § 3729(a).  The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government.  31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein* v. *City of New York*, 556 U.S. 928, 932 (2009).  The elements of a FCA claim are outlined in 31 U.S.C. § 3729(a)(1)(A)-(G).

The Court has conducted a preliminary review of Plaintiff's complaint and finds that the facts alleged in the complaint do not fall within 31 U.S.C. § 3729(a).  Because the complaint does appear to be covered by the FCA, there is no statutory justification to seal the complaint.  Accordingly, this action will be opened on the public docket.

## CONCLUSION

The Court finds that the facts alleged do not state a claim under the False Claims Act and therefore the complaint lacks a basis on which to seal the complaint.  Accordingly, the Clerk of Court is directed to open this action on the public docket.

SO ORDERED.

Dated: July 24, 2025
      New York, New York

*(signature)*

KATHERINE POLK FAILLA
United States District Judge