UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN SPRAGUE,

                Plaintiff,

            -v.-

OFFICE OF THE CHIEF MEDICAL EXAMINER, DAVID T. SPRAGUE, and NORTHERN LIGHTS MERCY,

                Defendants.

25 Civ. 5671 (KPF)

**TRANSFER ORDER**

KATHERINE POLK FAILLA, District Judge:

    This Order resolves issues of personal jurisdiction and venue that were discussed during the telephonic pre-motion conference held in this matter on October 24, 2025 (the "October 24, 2025 Conference"). At the inception of the conference, the Court discussed with Plaintiff the claims he intended to bring against Defendants, and certain potential impediments to those claims (including, for instance, Plaintiff's inability to bring claims under certain federal criminal statutes). The Court understands that Plaintiff intends to bring claims against Defendants for wrongful death, fraud, and concealment; these claims relate to the medical treatment and care provided to Plaintiff's mother in her final days, and to the proper documentation of that treatment and care.

    As the Court observed during the conference, it was concerned with (i) its subject matter jurisdiction to consider Plaintiff's claims; (ii) the personal jurisdiction it could (and could not) exercise over each Defendant; and (iii) the proper venue for this case. Based on the information provided during the October 24, 2025 Conference, the Court believes that it has subject matter

jurisdiction under the federal diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1).  For diversity purposes, Plaintiff is a citizen of New York; each Defendant is a citizen of Maine; and the amount in controversy exceeds $75,000.  (*See* Dkt. #4).

It does not appear, however, that the Court has personal jurisdiction over Defendants.  A plaintiff bears the burden of establishing personal jurisdiction over each Defendant for each claim asserted.  *See DiStefano* v. *Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam); *Charles Schwab Corp.* v. *Bank of Am. Corp.*, 883 F.3d 68, 83 (2d Cir. 2018).  Moreover, a court's personal jurisdiction analysis proceeds in two stages:  *First*, the court must determine whether there is "a statutory basis for exercising personal jurisdiction." *Marvel Characters, Inc.* v. *Kirby*, 726 F.3d 119, 128 (2d Cir. 2013).  In making this determination, the court "applies the forum state's personal jurisdiction rules," unless a federal statute provides for national service of process.  *PDK Labs, Inc.* v. *Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997).  *Second*, the court must decide "whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Sonera Holding B.V.* v. *Çukurova Holding A.Ş.*, 750 F.3d 221, 224 (2d Cir. 2014) (per curiam).

In New York, the forum state in this case, "there are two ways to establish personal jurisdiction over a defendant: [i] 'general jurisdiction' under [New York Civil Practice Law and Rules ("C.P.L.R.")] § 301; and [ii] 'specific jurisdiction' under … C.P.L.R. § 302." *Brown* v. *Showtime Networks, Inc.*, 394

F. Supp. 3d 418, 430 (S.D.N.Y. 2019).  To begin, the Court finds no basis to assert general jurisdiction against any Defendant.  *See generally Gucci Am., Inc.* v. *Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) ("Aside from 'an exceptional case,' … a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." (quoting *Daimler AG* v. *Bauman*, 571 U.S. 117, 138-39 & n.197 (2014))).  The Court therefore proceeds to consider whether it can exercise specific jurisdiction over Defendants.

Under New York's long-arm statute, C.P.R.L. § 302(a), a court may exercise specific personal jurisdiction over an out-of-state defendant as to causes of action arising from (i) "transact[ing] any business within the state"; (ii) "commit[ting] a tortious act within the state"; (iii) "commit[ting] a tortious act without the state causing injury to person or property within the state"; or (iv) "own[ing], us[ing], or possess[ing] any real property situated within the state," where certain additional forum contact requirements are met.  On the current record, it does not appear that the Court has personal jurisdiction over any Defendant for any claim under any of the four theories.  As discussed extensively during the October 24, 2025 Conference, Defendants are citizens of Maine and the conduct at issue occurred entirely in Maine; accordingly, Plaintiff's claims do not "arise from" any contacts Defendants might have had with New York.  *See generally Chalfin* v. *Go Big Solar, LLC*, No. 24 Civ. 4768 (KPF), 2025 WL 2022012, at *4-10 (S.D.N.Y. July 17, 2025) (analyzing New York's long-arm statute).  And even if any of Defendants' conduct implicated

3

Section 302(a) (and it did not), the exercise of personal jurisdiction over Defendants would not comport with due process. *Id.* at *10; *see also World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 297 (1980) ("[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.")

For those situations in which a court lacks personal jurisdiction over a defendant, 28 U.S.C. § 1406(a) permits a court to transfer an action to another district where the case could have been brought if it is in "the interest of justice" to do so. *See Daniel* v. *Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (collecting cases). In particular, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Second Circuit has interpreted Section 1406(a) to allow for transfer "whenever *either* personal jurisdiction or venue [is] improper," *Daniel*, 428 F.3d at 435 (emphasis added) (citing *Corke* v. *Sameiet M. S. Song of Nor.*, 572 F.2d 77, 79 (2d Cir. 1978)), and it has made clear that "[c]ourts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice," *id.*

It goes without saying that Plaintiff has an interest in the prompt resolution of his lawsuit; such resolution would only be delayed by Defendants'

4

contemplated (and likely successful) motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). During the October 24, 2025 Conference, Defendants Office of the Chief Medical Examiner and Northern Light Mercy Hospital each consented to transferring the action to the United States District Court for the District of Maine; in a letter received by the Court later that same day, Defendant David T. Sprague also consented to transfer. (Dkt. #30). Accordingly, because the Court finds that it is in the interest of justice to transfer, instead of dismiss, this case, the Court will transfer this case to the District of Maine.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Maine. The Clerk of Court is further directed to terminate any pending motions, adjourn any remaining dates, and mail a copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated:   October 27, 2025
         New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge